**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-2170-DOC (GJSx)				Date: February 24, 2017

Title: KIMBERLY LAYNE ET AL. V. NATIONSTAR MORTGAGE LLC ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [11]; DENYING PLAINTIFFS' MOTION TO REMAND [12]

Before the Court are Plaintiffs' Motion to Remand ("MTR") (Dkt. 12) and Defendant's Motion to Dismiss ("MTD") (Dkt. 11). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the moving papers and considering the parties arguments, the Court DENIES Plaintiffs' Motion to Remand and GRANTS IN PART Defendant's Motion to Dismiss.

**I.	Background**

**A.	Facts**

Because the First Amended Complaint has not been properly filed, the Court adopts the facts as set out in Plaintiffs' Complaint ("Complaint") (Dkt. 1-2).

Plaintiffs Kimberly Layne and John D. Thomas (collectively, "Plaintiffs") took out a loan for their home located at 230 Monarch Bay Drive, Dana Point, California (the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 16-2170-DOC (GJSx) | Date: February 24, 2017 |
| | Page 2 |

"Property") from "Ocwen." Compl. ¶ 2. The note and deed of trust were recorded on December 14, 2005. *Id.* ¶ 6. Plaintiffs conveyed the Property to the Monarch Bay Drive Trust. *Id.* ¶¶ 2, 6. The Monarch Bay Drive Trust then conveyed the Property to Monarch Bay Drive, LLC ("Monarch Bay"). *Id.* ¶¶ 2, 6.

Defendant Nationstar Mortgage, LLC ("Nationstar") is allegedly the successor in interest of the note and deed of trust from Ocwen as of September 1, 2013. *Id.* ¶ 3.

On September 4, 2014, Nationstar sent Plaintiffs a letter stating that $571,577.17 was due under the note. *Id.* ¶ 8. On October 19, 2014, Nationstar sent Plaintiffs another letter, this time claiming the amount due was $504,358.74. *Id.* Sometime between March 14, 2016 and March 23, 2016, Plaintiffs sent a letter to Nationstar, asking that Nationstar provide information regarding the amount due and the amount of arrearages on the deed, as well as the basis for the amount. *Id.* ¶ 9. Plaintiffs also asked Nationstar to explain why it believed it was the servicer on the loan. *Id.* In response, Nationstar sent Plaintiffs a loan modification application package, but allegedly did not respond to the requests for information. *Id.*

On October 18, 2016, Nationstar sent Plaintiffs a third letter claiming that the amount due on the note was $725,228.91, which included $17,917.29 in unidentified fees and charges. *Id.* ¶ 8.

### B. Procedural History

Plaintiffs filed this suit in the California Superior Court for the County of Orange on November 4, 2016 against Nationstar. Notice of Removal (Dkt. 1-2). Nationstar removed the action to federal court on December 7, 2016 (Dkt. 1). Plaintiffs bring claims for: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of California Civil Code § 2943; and (3) violation of the Business and Professions Code § 17200 *et seq.* ("UCL"). *See generally* Compl.

On January 4, 2017, Nationstar filed the instant Motion to Dismiss, a notice of lodging of the First Amended Complaint (Dkt. 11-1), and a Request for Judicial Notice ("RJN") (Dkt. 11-2). Plaintiffs opposed on January 23, 2017 ("MTD Opposition") (Dkt. 15), and Nationstar replied on January 26, 2017 (Dkt. 16). On January 6, 2017, Plaintiffs filed the instant Motion to Remand. Nationstar opposed on January 23, 2017 ("MTR Opposition") (Dkt. 13), and Plaintiffs replied on January 30, 2017 (Dkt. 17).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-2170-DOC (GJSx)            Date: February 24, 2017
                                                                                                                 Page 3

## II.     Legal Standard

       Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 268 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

       In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

       Additionally, the court may take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). For instance, the court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) [] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that the court may take judicial notice of "undisputed matters of public record," including "documents on file in federal or state courts," as well as "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents").

       Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-2170-DOC (GJSx)                                        Date: February 24, 2017
                                                                                                           Page 4

*of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Courts consider four factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Webb*, 655 F.2d at 980 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III.   Request for Judicial Notice

Courts may "properly consider exhibits attached to the complaint and documents whose contents are alleged in the complaint but not attached, if their authenticity is not questioned." *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1348 (C.D. Cal. 2014) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). In addition, under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. *Lee*, 250 F.3d at 689.

Accordingly, the Court takes judicial notice of the following documents offered by Nationstar:

- Notice of Default recorded in the Official Records of Orange County on September 11, 2014, No. 2013000368349 (RJN Ex. A);

- Deed of Trust recorded in the Official Records of Orange County on December 14, 2005, No. 2005000999987 (RJN Ex. B);

- Notice of Removal, *John D. Thomas, et al. v. Nationstar Mortgage, LLC, et al.*, No. 8:14-cv-01799-JVS-JCG (Nov. 12, 2014) (RJN Ex. C);

- Order Dismissing Action, *John D. Thomas, et al. v. Nationstar Mortgage, LLC, et al.*, No. 8:14-cv-01799-JVS-JCG (Mar. 11, 2015) (RJN Ex. D);

- Notice of Removal, *Kimberly Layne v. Nationstar Mortgage LLC, et al.*, No. 8:15-cv-00639-DOC-GJS (Apr. 22, 2015) (RJN Ex. E);

- Third Amended Complaint, *Kimberly Layne v. Nationstar Mortgage LLC, et al.*, No. 8:15-cv-00639-DOC-GJS (Nov. 20, 2015) (RJN Ex. F);

- Order Granting in Part Defendant's Motion to Dismiss, *Kimberly Layne v. Nationstar Mortgage LLC, et al.*, No. 8:15-cv-00639-DOC-GJS (Jan. 11, 2016) (RJN Ex. G); and

Case 8:16-cv-02170-DOC-GJS Document 19 Filed 02/24/17 Page 5 of 8 Page ID #:504

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-2170-DOC (GJSx)                            Date: February 24, 2017
                                                                                                                   Page 5

- Order Granting Defendant's Motion to Dismiss, *Kimberly Layne v. Nationstar Mortgage LLC, et al.*, No. 8:15-cv-00639-DOC-GJS (Mar. 14, 2016) (RJN Ex. H).

## IV. Discussion

Nationstar moves to dismiss Plaintiffs' First Amended Complaint, and Plaintiffs move to remand the fourth cause of action in their First Amended Complaint ("FAC"). The FAC has not been filed with the Court, and instead was attached to the Motion to Dismiss. The Court cannot make a ruling as to an FAC until an FAC has been filed—such a ruling would amount to an improper advisory opinion. Therefore, the Court DENIES Plaintiffs' Motion to Remand. The Court will decide Nationstar's Motion to Dismiss to the extent that it affects the operative complaint—Plaintiffs' original Complaint.

Nationstar moves to dismiss Plaintiffs' RESPA, California Civil Code § 2943, UCL, and declaratory relief claims. *See generally* MTD. Plaintiffs' Complaint does not include a declaratory relief claim, so the Court declines to rule on that issue.

### 1. RESPA

Plaintiffs allege Nationstar violated RESPA by failing to timely respond to Plaintiffs' qualified written request ("QWR"). Compl. ¶ 13. Under RESPA, loan servicers must timely respond to inquiries concerning a consumer mortgage loan whenever the loan servicer "receives a qualified written request from the borrower." 12 U.S.C. § 2605(e)(1)(A). A QWR is defined as a "written correspondence . . . [that] enables the servicer to identify the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Nationstar moves to dismiss Plaintiffs' RESPA claim because it fails as a matter of law. MTD at 2. First, Nationstar argues that Plaintiffs insufficiently allege they sent a QWR. *See id.* at 3–4. However, Plaintiffs plead that they sent requests for information "regarding the amount due and the amounts of arrearages on the first trust deed," as well as requesting an explanation of Nationstar's basis for claiming to be the servicer of the loan. Compl. ¶ 8. While the request for an explanation of the servicing of the loan does not give rise to a duty to respond because it is a challenge on the loan's validity, *see Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012), the requests for the amount due on the loan is sufficient to establish that Plaintiffs requested servicing-related

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-2170-DOC (GJSx)　　　　　　　　　　　　　　　　Date: February 24, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

information. *See* 12 U.S.C. § 2605(i)(3) (defining the term "servicing" to encompass only "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow amounts . . . , and making the payments of principal and interest and such other payments"). Therefore, the Court finds that Plaintiffs' letter qualifies as a QWR.

　　　　Second, Nationstar argues that Plaintiffs do not sufficiently plead actual damages. MTD at 4. Many courts have held that a showing of pecuniary damages is a prerequisite to bring a claim under RESPA. *See e.g.*, *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1101 (E.D. Cal. 2010). Plaintiffs claim they suffered "economic loss from their inability to make decisions in regard to the property, and have suffered uncertainty, fear, and anxiety." Compl. ¶ 14. Damages can be properly alleged when a plaintiff is denied information sought, and "the failure to receive the information caused him economic loss." *See Johnson v. HSBC Bank USA, Nat. Ass'n*, No. 3:11-cv-2091-JM-WVG, 2012 WL 928433, at *6 (S.D. Cal. Mar. 19, 2012). Accordingly, Plaintiffs allegations as to their "economic damages" are sufficient to plead actual damages.

　　　　Finally, even assuming Plaintiffs did properly plead actual damages, Nationstar argues that Plaintiffs do not allege statutory damages. *See* MTD at 6. To recover statutory damages, Plaintiffs must plead some pattern or practice of noncompliance with RESPA. 12 U.S.C. § 2605(f)(1)(B). Courts have interpreted the phrase "pattern or practice" to mean "a standard or routine way of operating." *Ponds v. Nationstar Mortg., LLC*, No. CV 15-8693-DMG (JPRx), 2016 WL 3360675, at *6 (C.D. Cal. July 3, 2016). Here, Plaintiffs claim Nationstar has a pattern and practice of not responding to written requests because they failed to respond to Plaintiffs' requests multiple times. *See* Compl. ¶ 10. However, the Court is unable to discern how many times Plaintiffs actually sent written requests to Nationstar. Plaintiffs only provide one date that they sent a written request, and then plead they "wrote again" when a "new address was provided." *See id.* ¶ 10. "[C]ourts routinely refuse to find a pattern or practice where a plaintiff alleges only a single QWR refusal," but accept that "as few as three refusals is sufficient." *See Lawther v. OneWest Bank*, 2010 WL 4936797, at *7 (N.D. Cal. 2010). Here, even reading the allegations in the light most favorable to Plaintiffs, the Court can only discern two instances of potential noncompliance. Thus, the Court does not find a pattern or practice of noncompliance.

　　　　Plaintiffs also plead that Nationstar has a pattern or practice of not responding to written requests because Nationstar "has been sued for RESPA violations in various courts." Compl. ¶ 11. Plaintiffs simply cite four cases in their Complaint, but do not adequately explain the relevance of these cases to the instant case. *See id.* Plaintiffs plead no authority or evidence "suggesting that these other lawsuits actually concerned

Case 8:16-cv-02170-DOC-GJS Document 19 Filed 02/24/17 Page 7 of 8 Page ID #:506

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-2170-DOC (GJSx)            Date: February 24, 2017
           Page 7

[Nationstar's] pattern of noncompliance with RESPA, and even if they did . . . , that Plaintiff[s] can use consent judgments in other lawsuits to establish [Nationstar's] pattern of noncompliance with RESPA in this case." *Croskrey v. Ocwen Loan Servicing LLC*, No. SA CV 12-1318-DOC (DFMx), 2016 WL 3135643, at *12 (C.D. Cal. 2016); *see also Park v. Wachovia Mortg., FSB*, No. 10cv1547 WQH (RBB), 2011 WL 4571874, at *8 (S.D. Cal. 2011) (finding that plaintiff's allegation that defendants had numerous lawsuits against them across the country was conclusory and did not support a pattern of noncompliance with RESPA). The Court finds that Plaintiffs do not sufficiently plead a pattern or practice of noncompliance, and therefore have not proved they are entitled to statutory damages.

Accordingly, Plaintiffs' RESPA claim fails as a matter of law, and the Court GRANTS Nationstar's Motion to Dismiss Plaintiffs' RESPA claim.

### 2.     California Civil Code § 2943

Plaintiffs also allege Nationstar violated California Civil Code § 2943 by failing to timely respond to the QWR. Compl. ¶ 19. Nationstar moves to dismiss this claim, arguing that Plaintiffs are barred by the time limit under the statute. MTD at 7. Plaintiffs do not address this argument in their Opposition, and thereby concede it.

Accordingly, the Court GRANTS Nationstar's Motion to Dismiss Plaintiffs' California Civil Code § 2943 claim.

### 3.     UCL Claim

Nationstar moves to dismiss Plaintiffs' UCL claim, arguing (1) Plaintiffs do not have standing to bring a UCL claim and (2) Plaintiffs' underlying claims fail. MTD at 7–8. To have standing to assert a UCL claim, a plaintiff must have "suffered injury in fact and . . . lost money or property as a result of the unfair competition." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (quoting Cal. Bus. & Prof. Code § 17204).

Plaintiffs allege only that Nationstar's "acts and omissions . . . constitute[d] unfair business practices." Compl. ¶ 21. Plaintiffs do not allege that these "acts and omissions" resulted in injury to Plaintiffs or that Plaintiffs lost money or property as a result. Perhaps more relevantly, Plaintiffs do not address this argument in their Opposition and thereby concede it.

Accordingly, the Court GRANTS Nationstar's Motion to Dismiss Plaintiffs' UCL claim.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-2170-DOC (GJSx)　　　　　　　　　　　　　　　Date: February 24, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 8

**V.　Disposition**

　　For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand and GRANTS IN PART Nationstar's Motion to Dismiss. The Court DISMISSES WITHOUT PREJUDICE Plaintiffs' RESPA claim, California Civil Code § 2943 claim, and UCL claim.

　　Plaintiffs may file an amended complaint, if desired, **on or before March 6, 2017.**

　　The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: djg
CIVIL-GEN