**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-2170-DOC (GJSx) Date: April 7, 2017

Title: KIMBERLY LAYNE ET AL. V. NATIONSTAR MORTGAGE, LLC ET AL.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Dwayne Roberts | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: None Present | ATTORNEYS PRESENT FOR DEFENDANT: None Present |

---

**PROCEEDINGS (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [21]**

Before the Court is Defendant Nationstar Mortgage LLC's ("Nationstar") Motion to Dismiss ("Motion") (Dkt. 21). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the moving papers and considering the parties arguments, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

## I. Background

### A. Facts

The Court adopts the facts as set out in Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 20). The Court includes supplemented facts from Defendant's Request for Judicial Notice. *See* Request for Judicial Notice ("RJN") (Dkt. 22).

Plaintiffs Kimberly Layne ("Layne") and John D. Thomas ("Thomas") (collectively, "Plaintiffs") borrowed a loan for their single-family residence at 230 Monarch Bay Drive, Dana Point, California (the "Property") from Ocwen. SAC ¶ 2. The

note and deed of trust for the loan were recorded on December 14, 2005. *Id.* ¶ 5. Plaintiffs conveyed the Property to the Monarch Bay Drive Trust (the "Trust"), of which Plaintiffs are trustors. *Id.* ¶¶ 2, 5. The Trust then conveyed the Property to Monarch Bay Drive, LLC ("Monarch Bay"). *Id.* ¶¶ 2, 5.

On December 16, 2011, Mortgage Electronic Registration Services, Inc. ("MERS") assigned the deed of trust to Bank of America, N.A. ("BANA"). *Id.* ¶ 27. Christopher Herrera, the signor, was allegedly the "assistant secretary" of MERS. *Id.* However, Plaintiffs allege that he was not an officer of MERS and did not have authority to sign the assignment. *Id.*

On November 13, 2013, BANA assigned the deed of trust to Defendant Nationstar. *Id.* ¶ 28. This assignment erroneously listed MERS as the "original lender," when Ocwen was allegedly the original lender on the loan. *Id.*

On September 4, 2014, Nationstar sent Plaintiffs a letter stating that $571,577.17 was due under the note. *Id.* ¶ 7. On October 19, 2014, Nationstar sent Plaintiffs another letter, this time claiming the amount due was $504,358.74. *Id.*

Plaintiff Layne filed an action against Nationstar in the Orange County Superior Court on March 23, 2015. *See id.* Ex. E. On April 22, 2015, Nationstar removed the action to the Central District of California. *See id.* Ex. E. That court dismissed Plaintiff Layne's case on March 14, 2016. *See id.* Ex. H.

Sometime between March 14, 2016 and March 23, 2016, Plaintiffs sent a letter to Nationstar, asking that Nationstar provide information regarding the amount due and the amount of arrearages on the deed, as well as the basis for those numbers. *Id.* ¶ 8. Plaintiffs also asked Nationstar to explain why it believed it was the servicer on the loan. *Id.* In response, Nationstar sent Plaintiffs a loan modification application package, but allegedly did not respond to the requests for information. *Id.*

On October 18, 2016, Nationstar claimed that the amount due on the note was $725,228.91, which included $17,917.29 in unidentified fees and charges. *Id.* On November 4, 2016, Defendant Clear Recon Corporation ("Clear Recon")[1] sent Plaintiff Thomas a Debt Validation Notice, claiming the amount due was $1,988,888.64. *Id.* ¶ 7.

On November 4, 2016, Clear Recon mailed a Debt Validation Notice to Plaintiff Thomas, claiming to represent Defendant Deutsche Bank Americas Holding Corporation ("Deutsche Bank"), Trustee for "Harborview Mortgage Loan Trust Mortgage Loan Pass-

[1] Plaintiffs are unaware of Clear Recon's role with respect to Plaintiffs' loan. SAC ¶ 3(b).

Through Certificates, Series 2006-6." *Id.* ¶ 11. Further, it stated that Plaintiffs owe Deutsche Bank the debt from their loan. *Id.*

### B. Procedural History

Plaintiffs filed this suit in the California Superior Court for the County of Orange on November 4, 2016 against Nationstar. Notice of Removal (Dkt. 1-2). Nationstar removed the action to federal court on December 7, 2016 (Dkt. 1). Nationstar moved to dismiss all of Plaintiffs' claims (Dkt. 11) and the Court granted the Motion to Dismiss (Dkt. 19). Plaintiffs filed the SAC on March 6, 2017 and added Clear Recon and Deutsche Bank as defendants.

In the operative complaint, the SAC, Plaintiffs bring claims for: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the Business and Professions Code § 17200 *et seq.* ("UCL"); and (3) declaratory relief. *See* SAC.

On March 20, 2017, Nationstar filed the instant Motion and RJN. Plaintiffs opposed on March 23, 2017 (Dkt. 23), and Nationstar replied on April 3, 2017 (Dkt. 24).

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 268 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, the court may take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). For instance, the court may take judicial notice of facts "not subject to reasonable dispute" because

they are either: "(1) [] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that the court may take judicial notice of "undisputed matters of public record," including "documents on file in federal or state courts," as well as "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents").

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Courts consider four factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Webb*, 655 F.2d at 980 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. Request for Judicial Notice

Courts may "properly consider exhibits attached to the complaint and documents whose contents are alleged in the complaint but not attached, if their authenticity is not questioned." *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1348 (C.D. Cal. 2014) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). Nationstar's Exhibits A and B are both addressed in the complaint and can therefore be properly considered.

In addition, under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. *Lee*, 250 F.3d at 689. Because Nationstar's Exhibits C–H are all court filings of proceedings in the Central District of California that have a "direct relation" to the issues of *res judicata* presented here, it is proper for the Court to take judicial notice of them. *See Gemini Ins. Co. v. Western Marine Ins. Servs. Corp.*, No. CV S-10-3172 KJM, 2012 WL 2934657, at *4 (E.D. Cal. July 18, 2012).

Accordingly, the Court GRANTS Nationstar's Request for Judicial Notice.

## IV. Analysis

Nationstar moves to dismiss Plaintiffs' RESPA, UCL, and declaratory relief claims. *See generally* Mot.

## A. RESPA

Plaintiffs allege Nationstar violated RESPA in failing to timely respond to Plaintiffs' Qualified Written Request ("QWR"). SAC ¶ 13. Under RESPA, loan servicers must timely respond to inquiries concerning a consumer mortgage loan whenever the loan servicer "receives a qualified written request from the borrower." 12 U.S.C. § 2605(e)(1)(A). A QWR is defined as a "written correspondence . . . [that] enables the servicer to identify the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). After a loan servicer receives a QWR, "the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days." *Id.*

Nationstar moves to dismiss Plaintiffs' RESPA claim because it fails as a matter of law. Mot. at 3. First, Nationstar argues that Plaintiffs insufficiently allege that they sent a QWR to Nationstar. *See id.* at 3–4. However, Plaintiffs plead that they sent requests for information "regarding the amount due and the amounts of arrearages on the first trust deed," as well as a request explaining why Nationstar believed itself to be the servicer of Plaintiffs' loan. SAC ¶ 8.

As the Court stated in its previous order, although the request for an explanation of the servicing of the loan does not give rise to a duty to respond because it is a challenge on the loan's validity, *see Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012), the request for the amount due on the loan is sufficient to establish that Plaintiffs requested servicing-related information. *See* Order, February 24, 2017 ("Order") at 5 (citing 12 U.S.C. § 2605(i)(3) (defining the term "servicing" to encompass only "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow amounts . . . , and making the payments of principal and interest and such other payments")). Therefore, the Court finds that Plaintiffs' letters qualify as QWRs.

Second, Nationstar argues that Plaintiffs do not sufficiently plead actual damages. Mot. at 4. Many courts have held that a showing of pecuniary damages is a prerequisite to bring a claim under RESPA. *See, e.g.*, *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1101 (E.D. Cal. 2010). Plaintiffs claim that they suffered "economic loss from their inability to make decisions in regard to the property, and have suffered uncertainty, fear, and anxiety." SAC ¶ 14. As the Court previously found, *see* Order at 6, damages can be properly alleged when a plaintiff is denied information sought, and "the failure to receive the information caused him economic loss." *See Johnson v. HSBC Bank*

*USA, Nat. Ass'n*, No. 3:11-cv-2091-JM-WVG, 2012 WL 928433, at *6 (S.D. Cal. Mar. 19, 2012). Accordingly, Plaintiffs' allegations as to their "economic damages" are sufficient to plead actual damages.

Finally, Nationstar argues that Plaintiffs do not properly plead statutory damages. Mot. at 6. To recover statutory damages, Plaintiffs must plead some pattern or practice of noncompliance with RESPA. 12 U.S.C. § 2605(f)(1)(B). Courts have interpreted the phrase "pattern or practice" to mean "a standard or routine way of operating." *Ponds v. Nationstar Mortg., LLC*, No. CV 15-8693-DMG (JPRx), 2016 WL 3360675, at *6 (C.D. Cal. July 3, 2016). Here, Plaintiffs claim Nationstar has a pattern and practice of not responding to written requests because they failed to respond to Plaintiffs' requests "on at least three occasions." SAC ¶ 9. "[C]ourts routinely refuse to find a pattern or practice where a plaintiff alleges only a single QWR refusal," but accept that "as few as three refusals is sufficient." *See Lawther v. OneWest Bank*, No. C 10-0054 RS, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010).

Previously, the Court dismissed Plaintiffs' RESPA claim for failure to allege three instances that Plaintiffs sent a QWR to Nationstar. *See* Order at 6. Although the Court is still unable to discern three specific instances where Plaintiffs sent a QWR, the Court will not ask Plaintiffs to plead their allegations with more specificity, as to do so would result in the improper application of the heightened particularity standard of Rule 9(b). Therefore, the Court finds Plaintiffs' allegations are sufficient to plead a pattern or practice.

Accordingly, the Court DENIES Nationstar's Motion to Dismiss Plaintiffs' RESPA claim.

**B. UCL**

Nationstar moves to dismiss Plaintiffs' UCL claim because (1) Plaintiffs plead insufficient facts to show a violation occurred and (2) Plaintiffs do not allege an injury. Mot. at 5–6. To have standing to assert a UCL claim, a plaintiff must have "suffered injury in fact and . . . lost money or property as a result of the unfair competition." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (quoting Cal. Bus. & Prof. Code § 17204).

Plaintiffs' UCL claim is based on and relies on their RESPA claim. SAC ¶¶ 18–20. "The viability of a UCL claim stands or falls with the antecedent substantive causes of action." *Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001). Because

the Court finds that Plaintiffs properly allege their RESPA claim, Plaintiffs therefore sufficiently allege a violation of the UCL.

Accordingly, the Court DENIES Nationstar's Motion to Dismiss Plaintiffs' UCL claim.

### C. Declaratory Relief

Finally, Plaintiffs seek declaratory judgment "setting forth the name of the entity that is the lawful assignee of the deed of trust[,] the amount due, and the amount of the arrearages." SAC ¶ 30. Plaintiffs argue that the December 2011 assignment from MERS to BANA was invalid because the signor was not an officer of MERS, and therefore had no power to execute the assignment. *Id.* ¶ 27. Further, Plaintiffs argue the assignment was invalid because Ocwen was the original lender on the deed of trust, but was not the company that executed the assignment. *Id.*

Nationstar moves to dismiss Plaintiffs' declaratory relief claim for three reasons: (1) the claim is barred by *res judicata*, (2) Plaintiffs' claim fails because the current lender is indicated on the deed of trust, and (3) Plaintiffs lack standing to challenge an assignment of a deed of trust. Mot. at 7–9.

"*Res judicata* applies when the earlier suit: (1) reached a final judgment on the merits; (2) involved the same cause of action or claim; and (3) involved identical parties or privies." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006) (quoting *Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 900 (9th Cir. 2002)).

#### 1. Final Judgment on the Merits

Layne previously brought a lawsuit against Nationstar on March 23, 2015 in the Orange County Superior Court. Mot. at 9. The action was removed to the Central District of California and was dismissed with prejudice by the court. *See* RJN Ex. G, H. "A dismissal with prejudice has *res judicata* effect" and "bars any further action between the parties on the issues subtended by the case." *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999). Therefore, Layne's prior action ended with a final judgment on the merits.

#### 2. Same Cause of Action

For *res judicata* to apply, the issues in the prior adjudication must have been identical to the issues raised in the present action. "Whether two suits arise out of the same transactional nucleus depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *ProShipLine Inc. v. Aspen*

*Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010). In most cases, "the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1138, 1151 (9th Cir. 2011).

In the prior action, Layne brought a declaratory relief claim against Nationstar. RJN Ex. G. Nationstar alleges that Layne's previous declaratory relief claim was premised on the same transactional nucleus as the facts in this case—they are both based on the allegation that the deed of trust assignments were invalid because the signatory lacked authority to execute. Mot. at 11–12. Further, Plaintiffs premise their declaratory relief claim on facts that arose before Layne filed her previous lawsuit against Nationstar. *See* SAC ¶¶ 25–27. Plaintiffs do not dispute that the claims arise from the same transactional nucleus as the prior lawsuit. *See* Opp'n. Therefore, the Court finds that the declaratory relief claim in the prior case is identical to the declaratory relief claim brought here.

### 3. Privity Between the Parties

Layne was a party to the prior action against Nationstar. *See* RJN Ex. F. Thomas was not a party, but Nationstar argues that because Thomas is in privity with Layne, *res judicata* still applies. Mot. at 12.

Privity is a "legal conclusion designating a person so identified in interest with a party to a former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052–53 (9th Cir. 2005). Traditionally, privity arises from "legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest." *Id.* at 1053. These include co-owners and tenants of property, joint obligees, and parties to a contract. *Id.*

Here, Thomas was not a party to Layne's prior lawsuit against Nationstar. However, Nationstar argues that Layne and Thomas are in privity with one another because "they are *both* borrowers of the loan at-issue in this action . . . they are *both* trustors of the trust that holds a leasehold interest in the subject property . . . and they *both* claim a 'beneficial interest' in the subject loan and property." Mot. at 12 (internal citations omitted) (emphasis in original). Plaintiffs argue that Thomas and Layne are not in privity because they are not married, Thomas did not control the prior lawsuit, and Thomas' interests were not adequately represented in the prior case. Opp'n at 7.

The Court finds that Thomas and Layne are in privity with one another because they both are parties of the same contract (the loan) and they are both co-owners of the Property that is the subject of this action. Thomas' interests were adequately represented in the prior action because the counsel in both cases is the same. *See del Campo v. Kennedy*, 491 F. Supp. 2d 891, 902 (N.D. Cal. 2006) (finding plaintiff was adequately represented in previous case he was not a party to because both cases were brought by the same counsel).

Therefore, Plaintiffs' declaratory relief claim is barred by *res judicata*. The Court need not reach the remainder of Nationstar's arguments for dismissal of the declaratory relief claim.

Accordingly, the Court DISMISSES Plaintiffs' declaratory relief claim WITH PREJUDICE.

## V. Disposition

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Nationstar's Motion as follows:

- DISMISSES WITH PREJUDICE Plaintiffs' declaratory relief claim; and
- DENIES Nationstar's Motion to Dismiss Plaintiffs' RESPA and UCL claims.

The Court VACATES the hearing on this matter set for April 17, 2017.

The Clerk shall serve this minute order on the parties.